UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH ROY ROCKETT,

        Plaintiff,

     v.

COUNTY OF NIAGARA, MICHAEL J. FILICETTI,
and BRIAN D. SEAMAN,

        Defendants.
_____

**COMPLAINT**

Case No. _____

        For her Complaint against Defendants, Plaintiff Elizabeth Roy Rockett ("Elizabeth Rockett," "Elizabeth," or "Plaintiff") alleges the following:

## PARTIES

        1.    Plaintiff Elizabeth Rockett is an individual who resides in the Town of Porter, County of Niagara, State of New York.

        2.    Defendant the County of Niagara (the "County") is a municipal corporation located in New York State.

        3.    Defendant Michael J. Filicetti ("Sheriff Filicetti") is an individual who, upon information and belief, resides in New York State and in the County. He has served as the County's duly-elected Sheriff since January 1, 2021.

        4.    Defendant Brian D. Seaman is an individual who, upon information and belief, resides in New York State and in the County. He has served as the County's duly-elected District Attorney since January 1, 2021.

**JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction over this controversy based on the existence of a Federal question pursuant to 28 U.S.C. § 1331.

6. Specifically, Elizabeth Rockett asserts a claim under the Takings Clause of the Fifth Amendment to the United States Constitution, as that provision is incorporated under the Fourteenth Amendment to the United States Constitution.

7. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over the additional claim asserted by Elizabeth Rockett herein under New York State law.

8. Pursuant to 28 U.S.C. § 1391(b), this lawsuit is properly venued in the Western District of New York for multiple reasons, including because Defendants are residents of New York State, in which the Western District is located; and because a substantial part of the events giving rise to this lawsuit occurred in this District.

**BACKGROUND**

9. This lawsuit arises from the County's refusal to return personal property that is owned by Elizabeth Rockett, and/or was owned by her now-deceased husband Rudy Rockett ("Rudy"), after representatives of the County had taken that personal property in their investigation concerning Rudy Rockett's homicide in April 2018.

10. In November 2021, Elizabeth Rockett's son Gregory Roy ("Gregory") pled guilty to the crimes of murder in the second degree and criminal possession of a weapon in the second degree in connection with Rudy Rockett's homicide. Gregory Roy is currently serving a sentence of incarceration in the Attica Correctional Facility in Attica, New York, pursuant to his guilty plea.

11. Gregory Roy also has written letters to his mother Elizabeth Rockett, and to Rudy Rockett's son Rudy Rockett Jr. (who is now deceased), to ask for forgiveness for his perpetration of Rudy Rockett's homicide.

12. On or about April 4, 2023, Gregory Roy's attorney George V. C. Muscato, Esq., wrote to Niagara County First Assistant District Attorney Doreen M. Hoffmann, Esq., to inquire about prospective release of certain personal property that was taken as evidence in the Niagara County Sheriff's Department's investigation into Rudy Rockett's death, and that belonged to Rudy or belongs to Elizabeth Rockett.

13. No written response, if any response, was received to Mr. Muscato's April 2023 letter.

14. Absent a response, Elizabeth Rockett's counsel Phillips Lytle LLP (Craig R. Bucki, Esq., Of Counsel) sent Sheriff Michael J. Filicetti a letter via United States first-class mail on October 28, 2024 (the "October 2024 Demand"), to demand the return of items that are owned by Elizabeth Rockett or that were owned by her late husband Rudy Rockett (whose accounts and property Elizabeth Rockett inherited after his death), and which, upon information and belief, remain in the possession of the Niagara County Sheriff's Department more than three years after her son Gregory's 2021 guilty plea.

15. These items consist of: (i) Rudy Rockett's drone, including goggles for its operation, a storage case, battery chargers, power cords and other wires, and memory cards with footage maintained; (ii) Rudy's Microsoft Surface Pro computer and its accompanying hard drive; (iii) Rudy's small black medicine bag; (iv) all of Rudy's telephone records obtained by Niagara County in its investigation of Rudy's death, including but not limited to Rudy's telephone records and list of Rudy's telephone contacts provided by

Chevron Corporation to the Niagara County Sheriff's Department; (v) Rudy's personal belongings that included his wallet and United States passport; (vi) a 14-carat-gold and black onyx ring that was a wedding anniversary gift from Elizabeth to Rudy; and (vii) a small woman's gold and diamond ring.

16. **Exhibit A** is a true and accurate copy of Elizabeth Rockett's October 2024 Demand.

17. In response, on or about October 31, 2024, Sheriff Filicetti sent Elizabeth Rockett's counsel Craig R. Bucki, Esq., a letter via United States first-class mail to advise that, "[a]fter consulting with the Niagara County District Attorney's Office, your demand for return of property to Elizabeth Roy Rockett has been denied," because Sheriff Filicetti claimed "[t]he Homicide case involving [Claimant's] Husband, Rudy Rockett, is currently being appealed," and "[e]vidence involved in Homicide cases are [sic] not permitted to be released." **Exhibit B** is a true and accurate copy of that letter signed by Sheriff Filicetti.

18. In reality, upon information and belief, Gregory Roy has not perfected any appeal from his pleading guilty to murder and criminal possession of a weapon as a result of Rudy Rockett's homicide, and has chosen not to pursue any such appeal, even assuming *arguendo* that his time to perfect an appeal has not already expired.

19. **Exhibit C** is a true and accurate copy of a letter signed by Gregory Roy on January 24, 2025, in which Gregory Roy confirms he does "not wish to pursue an appeal" in his underlying criminal case.

20. Hence, Sheriff Filicetti's and the Niagara County District Attorney's Office's stated rationale for refusing to return Elizabeth Rockett's and her late husband

4

Rudy Rockett's above-referenced personal property to Elizabeth lacks merit, and does not justify their continued failure to do so.

21. **Exhibit D** is a true and accurate copy of a Notice of Claim that gave notice to the County about the allegations and claims set forth in this Complaint. The Notice of Claim was duly served upon the County on January 28, 2025, more than 30 days ago.

22. To date, the County has neglected to adjust or pay the claim set forth in said Notice of Claim.

### FIRST CLAIM
### (TAKING IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION)

23. Elizabeth Rockett repeats and re-alleges the allegations set forth in paragraphs 1 through 22 of the Complaint.

24. The Fifth Amendment to the United States Constitution prohibits the Government from taking private property without paying "just compensation."

25. This prohibition on uncompensated "takings" is incorporated to State and municipal government through the Fourteenth Amendment to the United States Constitution, and therefore applies to the County.

26. In the course of investigating the homicide of Rudy Rockett, representatives of the County took: (i) Rudy Rockett's drone, including goggles for its operation, a storage case, battery chargers, power cords and other wires, and memory cards with footage maintained; (ii) Rudy's Microsoft Surface Pro computer and its accompanying hard drive; (iii) Rudy's small black medicine bag; (iv) all of Rudy's telephone records obtained by Niagara County in its investigation of Rudy's death, including but not limited

5

to Rudy's telephone records and list of Rudy's telephone contacts provided by Chevron Corporation to the Niagara County Sheriff's Department; (v) Rudy's personal belongings that included his wallet and United States passport; (vi) a 14-carat-gold and black onyx ring that was a wedding anniversary gift from Elizabeth to Rudy; and (vii) a small woman's gold and diamond ring (collectively, the "Rocketts' Taken Items").

27. The Rocketts' Taken Items were owned by Rudy Rockett, or are owned by Elizabeth Rockett, who inherited her late husband Rudy Rockett's accounts and property and who is a victim of Rudy's homicide.

28. Upon information and belief, the Rocketts' Taken Items remain in the custody and control of Sheriff Filicetti, the Niagara County District Attorney's Office, and/or other officers or employees of the County.

29. Elizabeth Rockett is and has been deprived of use and enjoyment of the Rocketts' Taken Items so long as they remain in the custody and control of officers or employees of the County.

30. Gregory Roy has pled guilty to murder in the second degree and criminal possession of a weapon in the second degree in connection with Rudy Rockett's homicide, and is currently serving a sentence of incarceration.

31. Gregory Roy also has confirmed in writing that he does not wish to pursue any appeal from his guilty plea or his sentence of incarceration.

32. In view of Gregory Roy's guilty plea and incarceration, and his confirmation that he does not wish to pursue any appeal from the same, the County has no legitimate purpose to continue refusing to return the Rocketts' Taken Items to Elizabeth Rockett.

33. Even so, in response to Elizabeth Rockett's demand for the return of the Rocketts' Taken Items, the County has refused.

34. Further, the County has provided Elizabeth Rockett with no compensation for the Rocketts' Taken Items, nor has the County disclosed where the Rocketts' Taken Items are located or whether they have been destroyed.

35. Hence, the County has effected an uncompensated and unconstitutional taking.

36. Elizabeth Rockett brings this claim under 42 U.S.C. § 1983, which authorizes lawsuits arising from "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

37. Elizabeth Rockett is entitled to an Order requiring Defendants to return the Rocketts' Taken Items to her or, in the alternative, awarding her money damages to compensate the fair market value of the Rocketts' Taken Items, which Elizabeth Rockett estimates at $5,000.00; and also awarding her the attorneys' fees and disbursements she will have incurred to prosecute this action, pursuant to 42 U.S.C. § 1988(b).

**SECOND CLAIM**
**(CONVERSION)**

38. Elizabeth Rockett repeats and re-alleges the allegations set forth in paragraphs 1 through 37 of the Complaint.

39. As described *supra*, representatives of the County took the Rocketts' Taken Items, intentionally and without permission.

40. The Rocketts' Taken Items belonged to Elizabeth Rockett, or to Rudy Rockett, whose accounts and property Elizabeth inherited after his death.

41. In view of Gregory Roy's guilty plea to murder and criminal possession of a weapon in connection with Rudy Rockett's homicide, Gregory Roy's subsequent incarceration, and his written confirmation that he does not wish to pursue any appeal, Defendants have no right to continue to retain custody or control of the Rocketts' Taken Items, which belong to Elizabeth Rockett, not to the County.

42. Elizabeth Rockett has demanded the return of the Rocketts' Taken Items, but on October 31, 2024, Sheriff Filicetti refused that demand, and the County has not returned the Rocketts' Taken Items to Elizabeth Rockett.

43. Consequently, Defendants are liable to Elizabeth Rockett for the tort of conversion under New York State law, and Elizabeth Rockett is entitled to an Order requiring Defendants to return the Rocketts' Taken Items to her or, in the alternative, awarding her money damages to compensate the fair market value of the Rocketts' Taken Items, which Elizabeth Rockett estimates at $5,000.00.

## **JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Elizabeth Rockett demands a trial by jury on all issues so triable.

WHEREFORE, for the reasons described above, Elizabeth Rockett respectfully requests this Court to enter an Order and Judgment:

(a) Requiring Defendants to return the Rocketts' Taken Items to Elizabeth Rockett or, in the alternative, awarding Elizabeth Rockett money damages to compensate the fair market value of the Rocketts' Taken Items, which Elizabeth Rockett estimates at $5,000.00, in order to remedy Defendants' conversion and their violation of Elizabeth

Rockett's rights under the Takings Clause of the United States Constitution, plus interest and costs;

   (b) Awarding Elizabeth Rockett the attorneys' fees and disbursements it will have incurred to prosecute this action, pursuant to 42 U.S.C. § 1988(b); and

   (c) Awarding such other and further relief as this Court deems just and proper.

Dated: Buffalo, New York  
   February 28, 2025

PHILLIPS LYTLE LLP

By: /s/ Craig R. Bucki  
  Craig R. Bucki  
Attorneys for Plaintiff  
*Elizabeth Roy Rockett*  
One Canalside  
125 Main Street  
Buffalo, New York 14203-2887  
Telephone No. (716) 847-8400  
cbucki@phillipslytle.com

Doc #12480863